UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:01-CR-80 |
| | ) | |
| ANTHONY DEWAYNE ALLEN | ) | |

**OPINION AND ORDER**

Before the Court is a letter from Defendant Anthony Dewayne Allen ("Allen") received and filed in the record on July 22, 2010. Allen sent a second letter to Magistrate Judge Cosbey which was received and filed on July 23, 2010. In both those letters, Allen asserts that he was erroneously sentenced to thirty months imprisonment for his supervised release violation to run <u>consecutive</u> rather than <u>concurrent</u> with his then-existing state sentence. Allen further asserts that he was told by the Government that if he accepted responsibility and admitted the allegations during the revocation proceedings, the Government would not oppose a concurrent sentence.

This Court has caused to be prepared and carefully reviewed a transcript of the proceedings held on November 13, 2006 related to Allen's revocation hearing. Although Allen writes "I have never denied any allegations pertaining to my Supervised Release Violation..." the transcript reflects that Allen's attorney, on Allen's behalf, unequivocally and clearly contested and denied the allegations at his revocation hearing. The Government presented the testimony of United States Probation Officer Amanda Tokos *nee* Miller and the undersigned found that Allen did, in fact, violate the mandatory conditions of release. Moreover, it is clear from the transcript that the United States Probation Officer recommended a consecutive sentence and that the Government argued in favor of that recommendation given the seriousness of the state court offenses that triggered the

1

revocation. Allen's counsel, in turn, argued against the consecutive sentence but, in the end, the undersigned clearly sentenced Allen to 30 months imprisonment to run <u>consecutive</u> to the state sentence with no supervision to follow. Thus, both the docket entry (DE 106) and the judgment accurately reflect the sentence Allen received at that hearing. A copy of the transcript shall be forwarded to Allen along with this Order.

One final matter must be addressed. The introductory face sheet of the docket reads that Allen's supervised release was revoked on November 13, 2006 and that the defendant is committed to the custody of the Bureau of Prisons for a term of 30 months to run <u>concurrently</u> with the defendant's current state court sentences. This is a scrivener's error and has no legal significance on the sentence Allen was given when his supervised release was revoked. The Court hereby DIRECTS the Clerk to edit the face sheet to reflect that the sentence on the supervised release violation is to run <u>consecutive</u> to the state court sentences.

## **<u>CONCLUSION</u>**

Based on this court's review of the transcript of Allen's revocation hearing, Docket Entry 106 showing that the Defendant DENIED the allegations in the USPO petition and was sentenced to 30 months imprisonment to run <u>consecutive</u> to his state sentences is accurate as is the judgment in this case. The Clerk is ORDERED to send a copy of the transcript of the revocation hearing held on November 13, 2006 to Allen along with this Order. The Clerk is FURTHER ORDERED to amend the face sheet of the docket to reflect that the sentence on the supervised release violation is to run <u>consecutive</u> to the state court sentences.

SO ORDERED.

This 13th day of August, 2010

                                                  s/ William C. Lee
                                        United States District Court